UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

MARCUS DONTE MIDDLEBROOK,

        Plaintiff,

v.

JESSICA E. PELTO,

        Defendant.
_____/

Case No. 2:23-cv-173

Honorable Maarten Vermaat

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.19.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent

from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff has filed a motion to amend his complaint (ECF No. 7), and the Court will grant Plaintiff's motion. The Court will treat Plaintiff's proposed amended complaint (ECF No. 7-2) as the operative complaint in this case. Applying the above-discussed standards, the Court will dismiss Plaintiff's action for failure to state a claim.

## Discussion

### I. Motion to file an amended complaint

On October 2, 2023, Plaintiff filed a motion to amend his complaint along with a proposed amended complaint and supplement which, in substance, is identical to Plaintiff's original

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

complaint. (ECF Nos. 7, 7-2, 10, and 10-1.) Under Fed. R. Civ. P. 15(a), a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Therefore, the Court will grant Plaintiff's motion (ECF No. 7) and treat Plaintiff's proposed amended complaint and supplement (ECF No. 7-2 and 10-1) as the operative complaint in this case.

## II.     Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Michigan Assistant Attorney General Jessica E. Pelto in her personal and official capacities.

Plaintiff alleges that on September 23, 2021, he filed a civil rights action against Defendants Patricia M. Lewis and Kelly M. Wellman. *See Middlebrook v. Wellman et al.*, No. 2:21-cv-208 (W.D. Mich. Feb. 1, 2023). Plaintiff states that Defendant Pelto, who represented Defendants in that case, violated his privacy by using laboratory results to defend against his lawsuit without Plaintiff's specific consent. It appears that Plaintiff's claim that he was allergic to soy products was undermined by blood tests showing that he did not suffer from a soy allergy. *Id.*, (ECF No. 89, PageID.984).

Plaintiff asserts that his records were accessed by Defendant Pelto pursuant to MDOC Policy Directive 03.04.108(Q). (eff. July 8, 2019), which specifically provides that "[h]ealth information shall be released to the Department of the Attorney General or to designated staff in the Office of Legal Affairs as necessary for litigation purposes . . . ." *Id.* at (13). This policy also states "[u]pon request and without the requirement of any release, the Ombudsman shall be given access to all information, records, and documents in the possession of the Department that the Ombudsman deems necessary in an investigation, including but not limited to, prisoner health

4

information and prisoner mortality records. Pursuant to MCL 4.355, a signed release is not required in order to provide this information." *Id.* at (15).

Plaintiff claims that this violated his privacy and his rights under HIPAA (Health Insurance Portability and Accountability Act of 1996), as well as under state law. Defendants Lewis and Wellman were granted summary judgment in Case No. 2:21-cv-208 on February 1, 2023, and Plaintiff's appeal is currently pending. *Id.*, ( ECF Nos. 90–99).

Plaintiff seeks declaratory relief and compensatory and punitive damages from Defendant Pelto in this case.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

5

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Federal Claims

As an initial matter, to the extent that Plaintiff is asserting a violation of HIPAA, the Court notes that HIPAA provides no private right of action. *Pitchford v. Metro Nashville Police Dep't*, 2021 WL 2474461, at *3 (M.D. Tenn. June 17, 2021).

> [P]enalties for HIPAA violations are imposed by the Secretary of Health and Human Services ("Secretary"). *See* 42 U.S.C. § 1320d–5(a)(1); *see also Wilson v. Memphis Light, Gas & Water*, No. 12-2956-STA-TMP, 2013 WL 4782379, at *3 (W.D. Tenn. Sept. 5, 2013) (citing *Johnson v. Depts. Of Army and Air Force*, 465 F. App'x 644, 645 (9th Cir. 2012) (affirming dismissal of HIPAA claim on the grounds that HIPAA provides no private right of action); *Bradley v. Pfizer, Inc.*, 440 F. App'x 805, 809 (11th Cir. 2011) ("[T]here is no private right of action for a violation of HIPAA's confidentiality provisions."); *Carpenter v. Phillips*, 419 F. App'x 658, 658 (7th Cir.2011) (affirming district court's conclusion that a claim under HIPAA "was not cognizable because HIPAA does not furnish a private right of action"); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir.2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA."); *Johnson v. Kuehne & Nagel Inc.*, No. 11-cv-02317-STA-cgc, 2012 WL 1022939, at *5 (W.D. Tenn. Mar. 26, 2012) ("HIPAA regulations do not confer a private right of action on an individual.")). If the plaintiff believes that a covered entity or business associate is not complying with HIPAA, his only recourse is to file a complaint with the Secretary. *See* 45 C.F.R. § 160.306; *see also Kuehne*, 2012 WL 1022939, at *5 ("Plaintiff's only redress for an alleged HIPAA violation is to lodge a written complaint with the Secretary of Health and Human Services[.]"

*Id.*

Plaintiff also asserts violations of his rights to be free from search and seizure, to due process, and to privacy. However, to the extent that Plaintiff is claiming that his medical records were accessed and used to defend against an earlier lawsuit, such a claim does not implicate a federal right. Although in the broadest sense the Fourteenth Amendment can be read to protect the privacy of personal medical information, *see Whalen v. Roe*, 429 U.S. 589, 599 (1977), the scope of the privacy right depends on context, and in the case of prisoners, is dependent on whether the disclosure of information is reasonably related to a legitimate penological interest. *Powell v. Schriver*, 175 F.3d 107, 111-112 (2d Cir. 1999). In interpreting *Whalen*, the Sixth Circuit has expressly held that "the Constitution does not encompass a general right to nondisclosure of private information" by government officials. *Doe v. Wiggington*, 21 F. 3d 733, 740 (6th Cir. 1994) (quoting *J.P. v. DeSanti*, 653 F.2d 1080 (6th Cir. 1981)). The rule established in *DeSanti* precludes any "generic" Fourteenth Amendment claim for the disclosure of private information. *See Treesh v. Cardaris*, 2010 WL 3001738, at *2–4 (S.D. Ohio July 30, 2010); *see also Holden v. Michigan Dep't of Corr.*, No. 1:12-CV-284, 2012 WL 2317538, at *5 (W.D. Mich. June 18, 2012) (finding that the disclosure of a prisoner's health and/or HIV status to prison officials and other inmates does not implicate a fundamental interest protected by the right to privacy under the Fourteenth Amendment).

As stated above, Plaintiff contends that his medical records were improperly accessed and used as the basis for a dismissal of his complaint in Case No. 2:21-cv-208, which asserted, in part, a violation of his Eighth Amendment rights because of a refusal to provide a religious diet that did not accommodate his soy allergy. *See* Compl., *Middlebrook v. Wellman et al.*, No. 2:21-cv-208 (W.D. Mich. Sept. 23, 2021), (ECF No. 1). Such a claim places his medical condition at issue. The

best evidence regarding the existence of a soy allergy in that case was Plaintiff's medical records and Defendants were entitled to obtain those records to defend against Plaintiff's allegations. Where a plaintiff has placed his medical condition at issue, a defendant is entitled to review the plaintiff's medical records and conduct *ex parte* interviews with the plaintiff's treating physicians. *Mitchell v. Tennessee*, 2020 WL 6712169, at *2 (M.D. Tenn. Nov. 16, 2020); *McCormick v. Brzezinski*, 2008 WL 4965343, at *3 (E.D. Mich. Nov. 18, 2008).

Nor does Plaintiff have Fourth Amendment right to privacy in his medical records. As noted by the Third Circuit in *Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001), "[t]he right to nondisclosure of one's medical information emanates from a different source and protects different interests than the right to be free from unreasonable searches and seizures." *Id.* at 316 (noting that such claims are properly analyzed under the Fourteenth Amendment). Therefore, under the facts at issue in this case, it is clear that Defendant's conduct in accessing and using his medical records did not implicate any federal right.

To the extent that Plaintiff is claiming that his blood was illegally tested for allergies without his consent, Plaintiff fails to allege any facts showing that the named Defendant was involved in the decision to test his blood. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Therefore, any Fourth Amendment claim against Defendant relating to the allergy test conducted on his blood is properly dismissed.

Finally, Plaintiff baldly asserts the existence of a conspiracy between Defendant and Kelly M. Wellman, Patricia M. Lewis, and Jeffrey L. Bomber to have Plaintiff's blood illegally tested or to use someone else's blood test as evidence. However, as noted above, Plaintiff presents no evidence that Defendant had any involvement at all with the decision to test his blood for allergies

or that it was not Plaintiff's blood that was tested. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's allegations of conspiracy are wholly conclusory. Plaintiff alleges no facts that indicate that Defendant was involved in a decision to test his blood or to use another individual's blood test to undermine Plaintiff's claims in *Middlebrook v. Wellman et al.*, No. 2:21-cv-208 (W.D. Mich. Sept. 23, 2021), or to support the existence of a plan and a conspiratorial objective between Defendant any other individual. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

Plaintiff has failed to allege any facts showing that Defendant Pelto violated his federal rights. Therefore, Plaintiff's complaint is properly dismissed for failure to state a claim.

### B. State Law Claims

Plaintiff also alleges that Defendants violated state law. (*See* Compl., ECF No. 1, PageID.3.) Claims under § 1983 can only be brought for "deprivations of rights secured by the

Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertions that Defendants violated state law fail to state a claim under § 1983.

Further, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Therefore, Plaintiff's state law claims will be dismissed without prejudice.

## Conclusion

The Court will grant Plaintiff's motion to amend his complaint (ECF No. 7) and to supplement the amended complaint (ECF No. 10), and will treat Plaintiff's proposed amended complaint and supplement (ECF No. 7-2 and 10-1) as the operative complaint in this case. Further, having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the

Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: October 31, 2023  /s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge